February 7, 2011

The Honorable D. Matt Bingham
Smith County Criminal District Attorney
100 North Broadway, 4th Floor
Tyler, Texas 75702

Opinion No. GA-0839

Re: Authority of a county judge to unilaterally grant access to county financial records to a volunteer financial consultant (RQ-0908-GA)

Dear Mr. Bingham:

You ask whether a county judge is authorized to unilaterally grant access to county financial records to a volunteer financial consultant.[1] You inform us that the county judge, in his capacity as the county budget officer, has accepted the offer of a professional financial consultant "to assist with assessment of financial information and budget recommendations." Request Letter at 2. Although you do not specify what tasks the judge has asked the consultant to perform, you enclose the judge's letter to county officials asking them to assist the volunteer consultant "to understand the operation and financial requirements of each department" in preparing for the county's upcoming budget. Request Letter at Exhibit A. The consultant has asked county officers for information such as job descriptions and salary amounts, and has indicated that any confidential information should be redacted. Request Letter at 2. On behalf of one of the members of the commissioners court, you first ask whether a county judge, as the county's budget officer, may unilaterally grant access to the county's financial records to a volunteer financial consultant without obtaining permission from the full commissioners court. Id.

The powers of a public officer, such as a county budget officer, are limited to those "expressly authorized by law or implied from the law." In re J.P., 296 S.W.3d 830, 836 (Tex. App.—Fort Worth 2009, no pet.) (citing Fort Worth Cavalry Club v. Sheppard, 83 S.W.2d 660, 663 (Tex. 1935)). Similarly, a county commissioners court is limited to the powers expressly granted by the Texas Constitution and statute and those necessarily implied therefrom. City of San Antonio v. City of Boerne, 111 S.W.3d 22, 28 (Tex. 2003). While the commissioners court has broad fiscal responsibility, "the County Commissioners Court is not charged with the management and control of all of the County's business affairs." Pritchard & Abbott v. McKenna, 350 S.W.2d 333, 335 (Tex. 1961). An elected official, such as the county judge, "has the sphere [of authority] that is delegated to him by law and within which the Commissioners Court may not interfere or usurp." Id.

_____

[1]See Request Letter at 1–2 (available at http://www.texasattorneygeneral.gov).

Consequently, to determine whether the county judge as budget officer may take an action independently of the commissioners court, we examine the Legislature's delegation of county budgeting duties.

You indicate that Smith County operates under chapter 111, subchapter A, with the county judge as budget officer. Request Letter at 3.[2] Subchapter A expressly requires the judge to prepare and file a proposed budget, and specifies the categories of financial information the judge must include in the proposed budget. TEX. LOC. GOV'T CODE ANN. §§ 111.002–.004, .006 (West 2008). With respect to obtaining information to prepare the proposed budget, the county judge is authorized to "require any county officer to furnish existing information necessary for the judge to properly prepare the budget." *Id.* § 111.005(a). By contrast, subchapter A gives the commissioners court few express duties concerning the preparation of the proposed budget. The commissioners court determines when the county judge should prepare a proposed budget. *Id.* § 111.003(a). Once the county judge has filed the proposed budget, the commissioners court must set the proposed budget for public hearing. *Id.* §§ 111.006–.007. And, at the county judge's request, the commissioners court may issue an order to a county officer that has failed to provide the information sought by the county judge. *Id.* § 111.005(b).[3]

Subchapter A's allocation of authority to the judge to require information from county officers and to request the commissioners court to issue an order requiring such information strongly suggests that the county judge need not seek the commissioners court's permission before exercising authority under section 111.005(a). *Id.* § 111.005(a). Your concern, however, is not with the county judge's authority to require information under section 111.005(a), but with the means the county judge has chosen to exercise that authority through the volunteer consultant.

An elected officer who has been charged with a statutory duty has a degree of discretion in the means of discharging that duty. *See Hooten v. Enriquez,* 863 S.W.2d 522, 531 (Tex. App.—El Paso 1993, no writ) (determining that county clerks have "exclusive authority" to choose individuals to assist them in the discharge of statutory duties of office and to dictate the assistant's duties). Generally, when an officer has been assigned a duty or power by statute, the officer may not delegate that duty or power to another. *Lipsey v. Tex. Dep't of Health,* 727 S.W.2d 61, 64–65 (Tex. App.—Austin 1987, writ ref'd n.r.e.). Nevertheless, a public officer or entity generally may obtain assistance from others to perform nondiscretionary ministerial and administrative tasks necessary to carry out the officer's or entity's statutory duties. *See, e.g., City of San Benito v. Rio Grande Valley Gas Co.,* 109 S.W.3d 750, 757 (Tex. 2003) (recognizing that a governing body may not

---

[2]*Compare* TEX. LOC. GOV'T CODE ANN. §§ 111.001–.002 (West 2008) (providing that the county judge is the budget officer in a county operating under subchapter A), *with id.* §§ 111.032 (providing that the county auditor is the county budget officer in a county operating under subchapter B), *and* 111.062 (providing that an individual appointed by the commissioners court is the budget officer in a county operating under subchapter C).

[3]The commissioners court is authorized and required to act on the proposed budget at the conclusion of the budget hearing, making "any changes in the proposed budget that it considers warranted by the law and required by the interest of the taxpayers." *Id.* § 111.008(a)–(b).

delegate the right to make decisions but may delegate the right to perform acts and duties necessary to the body's decision).[4] Thus, we conclude that the county judge may designate ministerial and administrative tasks to be performed by the consultant necessary to carry out the county judge's duty to prepare a proposed budget and in aid of the judge's authority to obtain budget information from county officers under section 111.005(a) of the Local Government Code.

You also inform us that the consultant has filed Public Information Act ("PIA") requests with the county officers seeking the same information, and you ask whether it was necessary to file such requests to obtain access to the pertinent budget records. Request Letter at 2, 4. As discussed above, the consultant may receive budget information to the extent authorized by the county judge's authority under section 111.005(a). Chapter 111, subchapter A neither expressly nor implicitly invokes the provisions of the PIA. Rather, the only enforcement mechanism under the subchapter, should a county officer fail to provide information as required by the county judge, is the county judge's authority to seek an order from the commissioners court directing the officer to produce the information. TEX. LOC. GOV'T CODE ANN. § 111.005(b) (West 2008). Consequently, a consultant is not required to submit PIA requests in order to seek information on behalf of the county judge under section 111.005(a) of the Local Government Code.

---

[4]*See also* Tex. Att'y Gen. Op. No. JC-0544 (2002) at 2 (superceded by statute on unrelated point) (determining that mayor authorized to require other city officers to provide budget information may delegate nondiscretionary ministerial and administrative tasks necessary to carry out statutory duties as city budget officer).

## S U M M A R Y

A county judge is not required to seek approval before delegating nondiscretionary and administrative tasks to accomplish a county judge's statutory duties as county budget officer. Should a county officer fail to provide budget information requested by the county judge, the county judge's remedy is to seek an order from the commissioners court.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee